UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x          Case No. 11-cv-7500 (BSJ)(RLE)

JOSIE BIVONA,

                              Plaintiff

          -against-

RUBIN & ROTHMAN, LLC,

                              Defendant

------------------------------------------------------x

DEFENDANT'S MEMORANDUM OF LAW IN
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR,
IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT FOR
FAILURE TO RESPOND TO INTERROGATORIES AND
TO APPEAR FOR A DULY NOTICED DEPOSITION

                                        ROBERT L. ARLEO, ESQ.
                                        Attorney for the Defendant
                                        380 Lexington Avenue, 17th Fl.
                                        New York, New York  10168
                                        (212) 551-1115

**Table of Contents**

**Page**

**Table of Citations**

I.     PRELIMINARY STATEMENT…………………………………..     1

II.    ARGUMENT…………………………………………………………     1


A.  THE HOLDING IN *CLOMON v. JACKSON*
     DOES NOT PRECLUDE GRANTING
     JUDGMENT ON THE PLEADINGS
     TO THE DEFENDANT…………………………………………………..     1


B.  THE PLAINTIFF HAS FAILED
     TO ADDRESS THE ISSUE
     OF MATERIALITY………………………………………………………     5


C.  LOCAL RULE 37.2 DOES
     NOT PRECLUDE STRIKING
     THE PLAINTIFF'S COMPLAINT……………………………………….     6


CONCLUSION………..……………………………………………….     10

Table of Citations

Page

Cases

*Ankl Liquidation Trust v. Aircast, LLC et al.*,
2009 U.S. Dist. LEXIS 56087 (S.D.N.Y.)……………………………………………  8

*Ashcroft v. Iqbal*,
129 S.Ct. 1937 (2009)………………………………………………………………..  4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)…………………………………………………………………  4

*Bey v. City of New York*,
869 F.2d 131, 134 (2d Cir. 1989)……………………………………………………  9

*Cerrato v. Solomon & Solomon*,
2012 U.S. Dist. LEXIS 179132 (D. Conn. December 18, 2012)……………………  7

*Clomon v. Jackson*,
988 F.2d 1314, 1319 (2d Cir. 1993)…………………………………………………  1

*Consolve, Inc. v. Compaq Computer Corp.*,
224 F.R.D. 98 (S.D.N.Y. 2004)……………………………………………………..  6

*Dorsey v. Portfolio Equities, Inc.*,
540 F.3d 333, 338 (5th Cir. 2008)……………………………………………………  3

*Gabriele v. Am. Home Mort. Servicing*,
2012 U.S. App. LEXIS 24478 (2d Cir.)……………………………………………  5

*Holtz v. Rockefeller & Co.*,
258 F.3d 62, 73 (2d Cir. 2001)………………………………………………………  7

*Kregler v. City of New York*,
770 F. Supp. 2d 602, 610 (S.D.N.Y. 2011)…………………………………………  8

*Mario Valente v. Confezioni Semeraro Paola*,
2003 U.S. Dist. LEXIS 3407 (S.D.N.Y)……………………………………………  6

*Murphy v. Bronson, Cawley & Bergmann*,
2011 U.S. Dist. LEXIS 64600 (S.D. Cal.)…………………………………………..  4

*Musah v. Houslanger & Assocs., PLLC,*
12 Civ. 3207, 2012 U.S. Dist. LEXIS 164292 (S.D.N.Y.)…………………………………..   5

*Orwasher v. Orwasher,*
2009 U.S. Dist. LEXIS 118827 (S.D.N.Y.)……………………………………………………   6

*Riggs v. Prober & Raphael, a Law Corp.,*
2010 U.S. Dist. LEXIS 84024 (N.D. Cal.)……………………………………………………   4

*Taylor v. Pinnacle Credit Services, LLC,*
2011 U.S. Dist. LEXIS 36420 (N.D. Cal.)……………………………………………………   4

*Time Inc. v. Simpson,*
2002 U.S. Dist. LEXIS 24335 (S.D.N.Y.)……………………………………………………..   8

*WNBF, Inc. v. Nut Rex Research, Inc.,*
2009 U.S. Dist. LEXIS 54600 (S.D.N.Y.)……………………………………………………   8


Other authorities

Fed. R. Civ. P. 12(c)……………………………………………………………………………..   1

15 U.S.C. sec. 1692e……………………………………………………………………………..   5

15 U.S.C. sec. 1692e(3)………………………………………………………………………….   1

Local Rule 37.2………………………………………………………………………………….   6

The Merriam-Webster Dictionary………………………………………………………………..   7

## I.      PRELIMINARY STATEMENT

Defendant submits this Memorandum of Law in reply to the Plaintiff's Memorandum of Law

in opposition to Defendant's motion for judgment on the pleadings and/or in the alternative to

strike the Plaintiff's Complaint for failure to comply with the discovery Order issued by

Magistrate Judge Ellis (Plaintiff's Memorandum). For the reasons set forth below the Plaintiff

has failed to refute the Defendant's argument that judgment on the pleadings pursuant to Fed. R.

Civ. P. 12(c) should be granted and that the Complaint should be stricken for Plaintiff's blatant

ignorance of the clear mandates of the discovery Order issued by Magistrate Judge Ellis.


## II.      ARGUMENT

### A.  THE HOLDING IN *CLOMON v. JACKSON* DOES NOT PRECLUDE GRANTING JUDGMENT ON THE PLEADINGS TO THE DEFENDANT

The sole allegation in Plaintiff's Complaint is that the Defendant violated 15 U.S.C. sec.

1692e(3), that portion of the Fair Debt Collection Practices Act (FDCPA) which prohibits a debt

collector from falsely representing that an individual is an attorney or that a communication is

from an attorney. Plaintiff's *sole* case precedent in opposition to Defendant's motion for

judgment on the pleadings is *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993). However, the

*Clomon* rationale is not applicable to the letter which is the subject of the herein action. The

Second Circuit in *Clomon*, in finding that the Defendant therein violated sec. e(3),  relied upon

the fact that the collection letters at issue therein contained clear and unequivocal threats

1

of litigation under the signature of an attorney who did not review the particulars concerning an

alleged $9.47 debt. The Second Circuit stated "The letters contained a variety of threatening

statements in an apparent attempt to induce Clomon into paying the amount she owed." Id. at

1317. The statements the Second Circuit deemed threatening are:

"You have 30 days before we take additional steps deemed appropriate regarding

your outstanding balance.";

"Based on information made available to us, we must recommend that your

creditor proceed with such further collection activity as the circumstances may indicate to

dispose of this account."

"After NCB reviews your collection file and previous correspondence sent to you, I

am suggesting that we take appropriate measures provided under the law to further implement

the collection of your seriously delinquent account.";

"Your account was referred to us with instructions to pursue this matter to the

fullest extent we deem appropriate.";

"Acting as General Counsel for NCB Collection Services, I have told them they

can lawfully undertake collection activity to collect your debt…";

"Accordingly, the disposition of your account has been scheduled for immediate

review and/or further action as we deem appropriate.";

"Because of your failure to make any effort to pay your lawful debt…we may find

it necessary to recommend to your creditor that appropriate action be taken to satisfy the debt".

In contrast to the threatening language contained in the letters in *Clomon*, the letter which the

herein Plaintiff complains of does not contain *any* threatening language (see subject letter

2

attached as Exhibit "D" to Defendant's Memorandum of Law in support of its motion for judgment on the pleadings.) The Defendant's letter is simply an attempt to offer the Plaintiff a settlement of her $1,945.80 debt owed to Capital One Bank. The Defendant's letter does not contain *any* language which a lawyer, who is implicitly threatening to commence legal action, would use. In contrast, the statements in the *Clomon* letters were written in "first person" above a signature of the attorney defendant named therein. The herein Defendant's letter contains no "first person" language and does not purport to be from any specific attorney associated with the Defendant.

On page 4 of her opposition Memorandum of Law, Plaintiff confirms her understanding that Craig Peterson, the person referenced as the contact individual at the top of the Defendant's letter, is not an attorney. Thus, the rationale of *Clomon*, i.e. "even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the word and a willingness to read a collection notice with some care." 988 F.2d at 1319, is applicable herein. The Plaintiff confirms her rudimentary knowledge that any lawyer associated with the Defendant would be listed at the top right of the Defendant's letter. As Craig Peterson was not listed on the attorney list, the Plaintiff confirms that she understood that Craig Peterson is not an attorney. Also, and contrary to Plaintiff's assertion on page 4 of her opposition Memorandum, consumers possess a rudimentary understanding that not all persons who work at law firms are attorneys.

Notwithstanding any of forgoing, the Plaintiff's attempt to describe particulars in the subject collection letter, such as the name of Craig Peterson, is patently improper as said allegations are not included in Plaintiff's Complaint. Allegations made outside the complaint are not to be considered by a court when determining whether a plaintiff has stated a claim for relief. *Dorsey*

3

*v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

   Further support for dismissal of the Plaintiff's FDCPA claim are set forth in cases which

expressly considered *Clomon* but denied claims based upon the false representation of attorney

involvement. *Murphy v. Bronson, Cawley & Bergmann*, 2011 U.S. Dist. LEXIS 64600 (S.D.

Cal.); *Taylor v. Pinnacle Credit Services, LLC*, 2011 U.S. Dist. LEXIS 36420 (N.D. Cal.). In

each of these decisions the courts therein rejected claims of no attorney review based upon the

fact that the collection letters therein (similar to the herein Defendant's letter) did not contain any

language threatening litigation or giving the impression of impending litigation.

   Importantly, *Clomon* was issued long before the decisions rendered by the Supreme Court in

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

As set forth in Defendant's initial Memorandum of Law, the allegations in Plaintiff's Complaint

are simply insufficient to satisfy the present-day pleading standard. *Riggs v. Prober & Raphael,*

*a Law Corp.*, 2010 U.S. Dist. LEXIS 84024 (N.D. Cal.)(finding that *Clomon* was decided before

*Iqbal* and *Twombley* and that an allegation of no meaningful attorney review is not enough to

cross the line between "possibility" and "plausibility".) Here, Plaintiff's Complaint simply states

"Said letter neglected to disclose that no attorney had actually reviewed the subject collection

matter." (see paragraph 11 of the Plaintiff's Complaint.) Thus, the Plaintiff's Complaint does not

cross the line between "possibility" of no meaningful attorney review and "plausibility" of no

meaningful attorney review.

   In her opposition Plaintiff asserts that the Defendant intended to have the Plaintiff believe

that the subject letter was from an attorney (page 4 of Plaintiff's opposition Memorandum.) Yet

Plaintiff admits she has no proof of this assertion and comically states "Discovery will clearly

4

establish this intention of the Defendant." Notwithstanding the fact that the Plaintiff has yet to

serve *any* discovery demands discovery is now closed pursuant to the Order of Magistrate Judge

Ellis.

On page 6 of her opposition Memorandum the Plaintiff attempts to distinguish the holding in

*Musah v. Houslanger & Assocs., PLLC,* 12 Civ. 3207, 2012 U.S. Dist. LEXIS 164292

(S.D.N.Y.). Plaintiff's sole distinction between the communication in *Musah* and the herein

Defendant's communication is that the communication in *Musah* was signed by an attorney.

However, the attorney's signature was not relevant to the holding *Musah*. Judge Sweet found that

the admission that the Defendant was a law firm, and the lack of any allegation that the

Defendant was not admitted to practice law, precluded a claim under 15 U.S.C. sec. 1692e(3).

Thus, the rationale of *Musah* is directly applicable herein as Plaintiff acknowledges that the

Defendant is a law firm and does not allege that any of the attorneys set forth on the Defendant's

letterhead are not admitted to practice law.


B.  THE PLAINTIFF HAS FAILED
    TO ADDRESS THE ISSUE
    OF MATERIALITY


The Plaintiff has failed to refute the Defendant's argument that claims brought under most

sections of 15 U.S.C. sec. 1692e must now meet the "materiality" requirement.  Importantly, via

a decision issued on November 27, 2012, the Second Circuit Court of Appeals has now formally

recognized the "materiality" requirement in regard to certain claims brought under sec. 1692e. In

*Gabriele v. Am. Home Mort. Servicing*, 2012 U.S. App. LEXIS 24478 (2d Cir.), the Second

Circuit Court of Appeals has, for the first time, acknowledged that there is a "materiality"

requirement concerning certain claims brought pursuant to 15 U.S.C. sec. 1692e of the FDCPA. As set forth more particularly in the Defendant's initial Memorandum of Law, a statement or implication may be technically false, deceptive and misleading but, in order to violate the FDCPA as a result thereof, the statement or implication must be "material" in that it affected the consumer's decision or ability to pay or challenge a debt.

It is striking that the Plaintiff failed to address the issue of "materiality" in her opposition Memorandum. It is perhaps more striking that the Plaintiff cited to only one legal case precedent in her opposition Memorandum. It is yet more striking that the one case cited by the Plaintiff is inapplicable to the collection letter which is the subject of the herein action. It is ultimately striking that the Plaintiff addressed only *one* of the cases cited by the Defendant in its Memorandum of Law in support of its motion for judgment on the pleadings and to strike the Complaint.

> C. LOCAL RULE 37.2 DOES
>    NOT PRECLUDE STRIKING
>    THE PLAINTIFF'S COMPLAINT

In response to that portion of the Defendant's motion which seeks an Order striking the Complaint for Plaintiff's discovery abuse, the Plaintiff alleges that the Defendant has failed to comply with Local Rule 37.2 (L.R. 37.2). Said Rule, in general, requires a party seeking relief under Fed. R. Civ. P. 26 through 37 to first request an informal pre-motion conference before filing a motion for relief relevant thereto. The purpose of L.R. 37 is to resolve discovery disputes quickly. *Mario Valente v. Confezioni Semeraro Paola*, 2003 U.S. Dist. LEXIS 3407 (S.D.N.Y). L. R. 37.2 applies to discovery "disputes" between parties who are actively participating in

discovery in regard to objections to discovery demands. *Orwasher v. Orwasher*, 2009 U.S. Dist. LEXIS 118827 (S.D.N.Y.); *Consolve, Inc. v. Compaq Computer Corp.*, 224 F.R.D. 98 (S.D.N.Y. 2004)(discovery dispute based upon claims of attorney-client privilege and attorney work product.) Here, there was no discovery "dispute" for this Court to quickly resolve, only ignorance of a discovery Order and ignorance of discovery served by the Defendant. "Ignorance" is not referenced in L.R. 37.2. Thus, this Court may strike the Plaintiff's Complaint based upon the Plaintiff's failure to comply with the discovery Order issued by Magistrate Judge Ellis via her failure to reply to Defendant's interrogatories and her failure to appear for her duly noticed deposition.

The Merriam-Webster Dictionary defines "dispute" as follows: "to engage in argument: DEBATE, especially to argue irritably or with irritating persistence." In fact, there was no "dispute" regarding whether the Plaintiff objected to any or all of Defendant's interrogatories nor was there any dispute as to any date or time for Plaintiff's depositions or, importantly, as to any allegedly improper questions asked of the Plaintiff at her deposition. The Merriam-Webster Dictionary is a reliable tool used by Second Circuit district courts. *Cerrato v. Solomon & Solomon*, 2012 U.S. Dist. LEXIS 179132 (D. Conn. December 18, 2012). In contrast to engaging in any discovery "dispute" by debating or arguing irritably or with irritating persistence regarding the Defendant's interrogatories and its notice of deposition, the Plaintiff herein simply chose to ignore the discovery Order issued by Magistrate Judge Ellis and the Defendant's interrogatories and deposition notice.

Importantly, district courts have broad discretion to determine whether to overlook a party's failure to comply with local rules. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001).

7

Judges in this Court have waived strict complaint with L.R. 37.2. *Time Inc. v. Simpson*, 2002 U.S. Dist. LEXIS 24335 (S.D.N.Y.)(rejecting the argument that failure to comply with L.R. 37.2 mandated rejection of motion for discovery abuse sanctions and finding that L.R. 37.2 is designed to promote efficiency in litigation which would not be advanced by further delay in resolving the therein issue of discovery dispute on the merits.) Similarly, the goal of efficiency in litigation would not be advanced by mandating herein compliance with L.R. 37.2. Efficiency in regard to the herein litigation would not be promoted by further delay in resolving the issue of Plaintiff's failure to comply with the discovery Order by not responding to Defendant's interrogatories and by not appearing for her deposition.

This Court has discretion to waive L.R. 37.2 requirement and allow parties to file discovery related motions with legal citations set forth therein. *Ankl Liquidation Trust v. Aircast, LLC et al.*, 2009 U.S. Dist. LEXIS 56087 (S.D.N.Y.); *WNBF, Inc. v. Nut Rex Research, Inc.*, 2009 U.S. Dist. LEXIS 54600 (S.D.N.Y.). Further support for discretionary waiver is found in the holding in *Kregler v. City of New York*, 770 F. Supp. 2d 602, 610 (S.D.N.Y. 2011). The plaintiff therein brought a motion to preclude the defendant therein from offering certain evidence at trial or to strike the defendant's answer for failure to respond to discovery demands. The court therein stated "Because (plaintiff) has not complied with Local Rule 37.2, *or provided any explanation as to why such a drastic remedy is required at this time* (italics added), the court denies his motion." Thus, L.R. 37.2 is not hard and fast rule and a court may waive the requirements therein if a party can provide an explanation as to why L.R. 37.2 should not be invoked. Here, the Plaintiff was under a duty to comply the Order issued by Magistrate Judge Ellis and to respond to Defendant's interrogatories and to appear for a deposition. There is *nothing* in Plaintiff's

8

opposition which offers *any* explanation as to why the Plaintiff failed to comply with the discovery Order or why the Plaintiff failed to provide interrogatory responses or appear for her deposition. Thus, the drastic remedy of striking the Plaintiff's Complaint is required at this time.

In her opposition the Plaintiff queries as to why the Defendant waited until the expiration of discovery to seek sanctions for Plaintiff's blatant discovery misconduct (page 6 of Plaintiff's opposition Memorandum.) This Court should reject this baseless attempt to escape responsibility for Plaintiff's blatant discovery misconduct. The Defendant, via the undersigned's numerous attempts to communicate with Plaintiff's counsels, zealously attempted to compel the Plaintiff to comply with the discovery Order by providing interrogatory responses and by appearing for a deposition. Each of these attempts proved fruitless.

A party who flouts a discovery order does so at her own peril. *Bey v. City of New York*, 869 F.2d 131, 134 (2d Cir. 1989). Here, Plaintiff intentionally flouted the discovery Order issued by Magistrate Judge Ellis and did so at the peril of having her Complaint dismissed. Thus, Plaintiff is now on her own and otherwise has no standing to attack the timing of the Defendant's motion to strike her Complaint.

Finally, this Court should compel the Plaintiff to pay the Defendant's attorneys fees and costs associated with bringing the herein motion to strike the Plaintiff's Complaint.

<u>CONCLUSION</u>

The Plaintiff's opposition Memorandum is woefully inadequate. Thus, the Defendant should be awarded a judgment dismissing the Complaint on the pleadings pursuant to Fed. R. Civ. P. 12(c). Furthermore, the dismissal of the Complaint is justified based upon Plaintiff's failure to comply with the discovery Order and via her failure to provide responses to interrogatories and to appear for her duly noticed deposition.

DATED: New York, New York
      December 21, 2012

Respectfully submitted,

<u>/ s /      *Robert L. Arleo*</u>
ROBERT L. ARLEO, ESQ.
Attorney for the Defendant
380 Lexington Avenue
17th Floor
New York, New York 10168
(212) 551-1115

10